EARNEST WEIZEN, *Plaintiff in Error*,
*vs.*
JOHN McKINNEY, *Defendant in Error.*

ERROR TO IOWA COUNTY COURT.

In replevin before a justice of the peace, when the value of the property exceeds fifteen dollars, an appeal and not a certiorari lies.

And for this purpose it is immaterial whether or not there is a technical finding of the value of the property, if it clearly and sufficiently appears from the testimony returned, to be more than fifteen dollars.

In replevin, an order of the justice for the delivery of the property to the one party or the other after trial, is a judgment from which an appeal lies.

This was an action of replevin, originally brought before a justice of the peace, by the defendant in error. The justice decided that McKinney was entitled to the possession of the property, and rendered a judgment against Weizen for $11.69 costs.

From this judgment the plaintiff in error appealed to the County Court. That court dismissed the appeal, declaring the judgment of the justice void, and rendered a judgment against the plaintiff in error, for costs. To reverse this judgment, a writ of error is brought to this court.

*A. L. Collins*, for plaintiff in error.

The County Court erred in dismissing the appeal for the following reasons:

1st. The judgment for costs, and the judgment that plaintiff was entitled to the possession of the property, was final. *Rev. Stat.* 464.

2d. The value of property claimed by parties, as

proved at the trial, exceeded fifty dollars. *Rev. Stat.* 476.

The judgment of the justice was not void. The justice had jurisdiction of the process, subject matter, and person. If the judgment of the justice was not such as it should have been; the party, considering himself aggrieved, had for that reason a right to appeal.

*J. H. Knowlton*, for the defendant in error.

*By the Court*, Smith, J. This was an action of replevin commenced by the defendant in error, against the plaintiff in error, to recover the possession of a horse, of the alleged value of one hundred dollars. The record is very imperfect, but sufficient appears to show that the parties went to trial before the justice, both waiving a jury; witnesses were sworn and examined, and a judgment rendered in favor of the plaintiff below for costs, and an order made that the horse (which had been taken from the defendant on the writ of replevin, and remained in the custody of the officer,) should be delivered to the plaintiff below. It further appeared that the value of the horse, as proved on the trial, was from $80 to $100.

The defendant below appealed to the County Court, where the plaintiff below moved the court to dismiss the appeal, for the reason that no appeal lay from the judgment of the justice, which motion was sustained by the court, the appeal dismissed, with costs to the defendant.

The imperfections of the return of the justice might all have been amended, by means of proper

Dec. Term 1853.

Weizen vs. McKinney.

and timely application to the court, and it seems that such means were being used, or had been applied for, when the motion to dismiss for the reason above stated, was interposed; and the only reason on which the motion and its decision was based, which we can perceive, was, that the judgment of the justice did not exceed fifteen dollars; for the judgment of the justice, though irregular, would nevertheless be subject to appeal, in case the amount was sufficient to warrant it. Indeed, unless the judgment was absolutely void, that might be the only remedy by which the defendant could relieve himself from an irregular or erroneous judgment, for a certiorari does not lie when an appeal does lie.

The court has decided, that where the value of the property as found by the justice, exceeds fifteen dollars, an appeal, and not a certiorari, is the proper remedy. (*McCaffrey vs. Nolan*, 1 *Wis. R.* 361.) In this case there is not a technical finding of the value of the property by the justice, apparent on the face of his return, but the testimony given on the trial before him is returned, from which it is apparant that there was no dispute as to the value of the horse, nor any conflict of evidence on that point. But the justice ordered the property to be delivered to the plaintiff below, which order we have decided to be a part of the judgment, and subject to appeal.

The question is not here, whether the judgment of the justice would have stood upon certiorari, but whether there be such a judgment as would authorize an appeal. We think the evidence returned, is sufficient to indicate the value of the property, and an appeal lies, though the return of the justice does

not show a technical finding of the value. Perhaps a more full return of the justice may supply that defect, or if not, it may be cured on the trial of the appeal. (*See Heeron vs. Beckwith*, 1 *Wis. R.* 17, *and cases there cited.*)

The judgment of the County Court is reversed with costs, and the cause remanded for further proceedings, according to law.